■ MELVINE WILSON et al., Respondents, v. WHITEHALL HOTEL CORP., Appellant.— Order, entered on June 27, 1963, granting conditionally, defendant's motion to dismiss personal injury negligence action for failure to prosecute, unanimously modified on the law, the facts, and in the exercise of discretion, with $20 costs and disbursements to appellant, and the motion granted unconditionally, with $10 costs. The accident occurred January 23, 1960. Action was begun March 11, 1960. The complaint was not served until January 27, 1961 and issue was joined February 3, 1961. No further proceedings were taken in the action since the joinder of issue until new attorneys were retained on May 28, 1963, three and one-half months after the instant motion to dismiss was made. Plaintiffs seek an aggregate recovery of $60,000 for an alleged injury to the wife, namely, a fractured arm and various accompanying physical injuries resulting from a fall in a hotel room foyer caused by an allegedly worn, ragged, torn rug. The alleged excuse for the delay is that plaintiffs' prior lawyer had failed to take action although plaintiffs believed that he had. No affidavit by the prior lawyer is submitted. The affidavit submitted by the newly retained lawyers makes reference to unspecified settlement negotiations and asserts that the sole reason for plaintiffs changing attorneys is that the wife was dissatisfied with the settlement that had been proposed by the lawyers. It is notable that the complaint in this action was not served until almost a year after it had begun. There has been a delay of over two years since the joinder of issue and the alleged excuses are unsatisfactory (see *Sortino* v. *Fisher*, 20 A D 2d 25). Concur — Breitel, J. P., Rabin, Valente, Stevens and Bergan, JJ.